# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bobby Stuckey,    ) | |
| ) | Civil Action No. 8:14-cv-03612-JMC |
| Plaintiff,    ) | |
| ) | |
| v.    ) | **ORDER AND OPINION** |
| ) | |
| Major Thierry Nettles, Captain Ann    ) | |
| Sheppard, Lt. Patricia Brown, Sgt. Travis    ) | |
| Guess, Sgt. Joseph Bass, Officer Wadina    ) | |
| Starks,    ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

This matter is before the court upon review of Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("Report"), filed on April 20, 2015 (ECF No. 58), recommending that the case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) for failing to respond to Defendants' Motion for Summary Judgment (ECF No. 45).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the

1

face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

The parties were advised of their right to file objections to the Report. (ECF No. 58-1.) However, neither party filed any objections to the Report. The Report and advisement of right to file objections were mailed to Plaintiff, but returned as undeliverable on May 4, 2015. (ECF No. 60.) Three prior documents that were sent to Plaintiff had been returned as undeliverable, as well. (ECF Nos. 55, 56, 57.) It appears, however, Plaintiff had received Defendants' Motion for Summary Judgment and the Magistrate Judge's *Roseboro* Order[1] advising Plaintiff of the importance of responding to Defendants' Motion. (*See* ECF No. 46.)

After the Report was returned, it was resent to Richland County Detention Center where Plaintiff was believed to have been moved. (ECF Nos. 60, 61.) This, too, was returned as undeliverable on May 26, 2015. (ECF No. 63.) On June 6, 2015, counsel for Defendants filed a letter to the court stating Plaintiff was released from prison on March 5, 2015, but that counsel's attempt to locate an address for Plaintiff had been unsuccessful. (ECF No. 65.)

On September 24, 2014, the Magistrate Judge sent an Order to Plaintiff that notified him, in part, "[y]ou are ordered to always keep the Clerk of Court advised **in writing**… if you address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail

---

[1] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

to meet a deadline set by this Court, **your case may be dismissed for violating this Order.**" (ECF No. 8 at 2-3 (emphasis in original).)  Plaintiff filed two notices of a change of address with the court, first on October 1, 2014, and the second on October 22, 2014.  (ECF Nos. 10, 17.)  Therefore, Plaintiff was aware both of his obligation to keep his address current with the court and of the method with which to do so, and his failure to meet this obligation and respond to Orders and other documents warrants dismissal.  *See Wisniewski v. Mueller,* 2013 WL 627012 (D.S.C. Feb. 20, 2013).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law.  The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 58) and this case is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 30, 2015
Columbia, South Carolina